**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TODD R.; SUZANNE R.; LILLIAN R., FKA Jon,

        Plaintiffs-Appellees,

v.

PREMERA BLUE CROSS BLUE SHIELD OF ALASKA,

        Defendant-Appellant.

No.   19-35475

D.C. No. 2:17-cv-01041-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 8, 2020
Seattle, Washington

Before: CLIFTON, D.M. FISHER,[**] and M. SMITH, Circuit Judges.

Defendant-Appellant Premera Blue Cross Blue Shield of Alaska appeals the

district court's judgment in an action brought by Plaintiffs-Appellees Todd R.,

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Suzanne R., and Lillian R. to recover medical benefits under an employee welfare benefits plan (Plan) subject to the Employee Retirement Income Security Act. We vacate and remand.

Although we do not believe the district court is in a better position than ourselves to review the written administrative record, we need not resolve the parties' disagreement as to our standard of review. Even under a deferential standard, the decision on the merits was clearly erroneous, *see Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732-33 (9th Cir. 2006), and the district court's departure from the principle of party presentation was an abuse of discretion, *see United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1578 (2020).

Plaintiffs seek reimbursement of their payments to Elevations Residential Treatment Center, a facility in Utah, for Lillian's around-the-clock behavioral health care from May 1, 2014 to June 21, 2015. Premera, the Plan administrator, denied coverage for lack of medical necessity, finding that Lillian showed none of the six risk factors under the "Residential Acute Behavioral Level of Care, Child or Adolescent" policy (Medical Policy) during the coverage period. That determination was affirmed at each level of administrative review. On de novo review, the district court disagreed, finding Lillian's treatment medically necessary based on the Medical Policy's sixth factor: "Patient has currently stabilized during

2

inpatient treatment stay for severe symptoms or behavior and requires a structured setting with continued around-the-clock behavioral care."

The district court crafted that theory sua sponte. At no point below had Plaintiffs argued, or even "so much as hint[ed]," *Sineneng-Smith*, 140 S. Ct. at 1580, that any Medical Policy factors had been satisfied. Rather, throughout the administrative review process, and in their pleadings and moving papers before the district court, Plaintiffs advocated for the use of less demanding guidelines to assess medical necessity. Even after the district court issued a scheduling order instructing the parties to address the Medical Policy's sixth factor at their hearing, Plaintiffs still did not advance the theory on which the district court relied.

On appeal, Premera contests the finding that the sixth provision applied to Lillian's circumstances by challenging the district court's interpretation of the terms "inpatient treatment stay" and its finding that Lillian was admitted "for severe symptoms." Premera also challenges the district court's finding that Lillian "require[d] a structured setting with continued around-the-clock behavioral care" from May 1, 2014, to June 21, 2015. Based on the evidence, we conclude that these findings were clearly erroneous.

For example, in finding Lillian's treatment medically necessary, the district court relied on Dr. Laura Brockbank's February 2014 psychological evaluation, in

3

which Dr. Brockbank "strongly recommended" that Lillian "complete the program" at Elevations. However, there is no evidence to suggest that this recommendation was aligned with any medical necessity standard. The basis given for Dr. Brockbank's recommendation significantly departs from the Medical Policy, which states that a patient may be discharged from residential care to a lower level if, among other things, the patient "has not recently made a suicide attempt or act of serious harm to self" and has lacked a "current plan for suicide or serious harm to self for at least 24 hours."

The district court found support for Dr. Brockbank's recommendation because of Lillian's prior "history of running away and suicidal ideation" and because in June 2014, Lillian reported an urge to self-harm and Elevations staff briefly (for one day) placed her on self-harm precautions. Viewed in light of the full record, however, that evidence did not meet Plaintiffs' burden to show Lillian's medical need for around-the-clock monitoring and confinement from May 2014 to June 2015.

Under the principle of party presentation, courts must presume "that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Sineneng-Smith*, 140 S. Ct. at 1579 (alteration omitted) (quoting *Castro v. United States*, 540 U.S.

375, 386 (2003) (Scalia, J., concurring in part and concurring in the judgment)). That presumption naturally applies all the more in a case such as this, involving a specialized area of civil law and competent, highly experienced counsel on both sides. *See id.* Out of a concern for fairness, we do not reverse the decision below but instead vacate and remand for resolution of the party-presented controversy. *See id.* at 1581-82.

Each party to bear its own costs.

**VACATED and REMANDED.**