**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-1628

CALVIN E. BRACKBILL,

Appellant

v.

STEPHEN J. RUFF; GREGORY A. HILL; IAN L. DAWSON;
TYRON E. MEIK; CITY OF HARRISBURG, PA

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cv-01046)
District Judge: Honorable Jennifer P. Wilson

Argued June 13, 2023

Before: PORTER, FREEMAN, and FISHER *Circuit Judges*.

(Opinion Filed:  August 24, 2023)

Caleb Kruckenberg [**Argued**]
Brian Zeiger
Levin & Zeiger
1500 John F. Kennedy Boulevard
Suite 620
Philadelphia, PA 19102
        *Counsel for Appellant*

Frank J. Lavery, Jr.
Andrew W. Norfleet **[Argued]**
Lavery Law
225 Market Street
Suite 304, P.O. Box 1245
Harrisburg, PA 17108
   *Counsel for Appellees*

---

OPINION[*]

---

FREEMAN, *Circuit Judge*.

  Harrisburg police officer Stephen Ruff arrested Calvin Brackbill for driving under the influence ("DUI") after observing that a portion of Brackbill's bumper cover was detached from his vehicle.  Blood testing later showed that Brackbill was not under the influence of alcohol at the time of his arrest.  Ruff cited Brackbill for summary traffic offenses but not for DUI.  Brackbill was later found not guilty of one traffic offense and the remaining citation was dismissed.  He brought state and federal law claims against Ruff and Gregory Hill, the other officer present at the time of arrest.  The District Court granted summary judgment for the officers on all claims.  For the reasons below, we will affirm.

I.

  In the early morning of June 28, 2015, Brackbill was driving in downtown Harrisburg when he heard a scraping noise from the front of his car.  He stopped his car

---

  [*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

in the middle of the road and got out to inspect it. He discovered that the bumper cover was partially detached from the front of the car, so he clipped the bumper cover back into place. While Brackbill was attending to the bumper cover, Hill arrived on foot, followed by Ruff, who arrived by vehicle after hearing the scraping sound from a block away. Hill said he smelled alcohol on Brackbill, and both officers asked what he had hit with his car. Brackbill denied hitting anything or drinking alcohol and accused the officers of harassing him. A supervising police officer arrived on the scene and told Brackbill that it looked like he had been drinking. Despite Brackbill's denials, Ruff arrested him for DUI without a warrant and without conducting a field sobriety test. Brackbill consented to a blood draw at the police station.

Later that day, Ruff asked his supervisor about what he should do if the blood test results showed Brackbill was not intoxicated. The supervisor responded that he should issue citations for any traffic violations.

Three weeks after the arrest, the police received a toxicology report that showed Brackbill had a blood alcohol content of 0.0% shortly after his arrest. Ruff issued Brackbill traffic citations for violating 67 Pa. Code § 175.78(e)(1) (governing bumper strength and mounting) and 75 Pa. Code § 1786 (requiring proof of insurance while operating a vehicle). Brackbill was not charged with DUI.

Brackbill contested the citations with the aid of counsel. At a traffic court hearing in November 2015, Ruff testified that he heard a loud scraping noise, and saw Brackbill driving with a bumper that "was completely off the front of the vehicle being pushed by the vehicle." Brackbill testified that his bumper cover (not the bumper itself) had been

3

partially detached and made a dragging sound against the road while he was driving. The traffic court found Brackbill guilty of the bumper offense but dismissed the citation for lack of insurance. Brackbill sought review in the Court of Common Pleas, which found him not guilty of the bumper offense after the Commonwealth was unprepared to proceed with a hearing.

Brackbill brought 42 U.S.C. § 1983 claims against Ruff for false arrest and fabrication of evidence and against Hill for failure to intervene in a false arrest. He also brought Pennsylvania law claims against Ruff for malicious prosecution and abuse of process.[1]

Five years after the arrest, Brackbill deposed Ruff and Hill. Ruff testified that he did not recall whether he had seen Brackbill driving the vehicle on the morning of the arrest; to the best of Ruff's recollection, Brackbill had already exited his vehicle and was attending to his bumper when Ruff arrived on the scene. Hill testified that he had seen Brackbill driving the vehicle, and the bumper was partially detached—enough so that the metal scraped against the roadway.

The officers moved for summary judgment on all claims, and the District Court granted their motion. Brackbill timely appealed.

---

[1] Brackbill brought additional claims against Ruff, Hill, and three additional defendants. The District Court dismissed those claims, and Brackbill does not appeal those dismissals.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of summary judgment. *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020). We apply "the same standard as a district court" and "determine whether there was any genuine dispute as to any material fact." *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (citation and internal quotation marks omitted). We view "the facts in the light most favorable to [the nonmoving party]," who "is entitled to every reasonable inference that can be drawn from the record." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (citation and internal quotation marks omitted). We can affirm the District Court's judgment on any ground supported by the record. *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 116 (3d Cir. 2020).

## III.

### A. *False Arrest*

To bring a false arrest claim, a plaintiff must establish "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Harvard*, 973 F.3d at 199 (citation omitted). Brackbill's arrest is undisputed, so we will affirm the summary judgment for Ruff if no reasonable jury could find probable cause lacking. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *District of Columbia*

5

*v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018); *see also Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (holding the offense for which there was probable cause need not be closely related to or based on the same conduct as the offense identified by the officer at the time of the arrest). Probable cause exists when the "facts and circumstances within the officer's knowledge" would cause "a prudent person" to believe "that the suspect has committed . . . an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).[2]

No reasonable jury could find that Ruff lacked probable cause to arrest Brackbill for a traffic offense.[3] Title 75, Section 4107(b)(1) of the Pennsylvania Code makes it "unlawful for any person" to "[o]perate . . . on any highway in this Commonwealth any vehicle" that does not comply with Pennsylvania's vehicle equipment standards. Those equipment standards include 67 Pa. Code § 175.78(e)(1), which provides that "[a] bumper shall be of at least equivalent strength and mounting as the original equipment,"

---

[2] Neither the Supreme Court nor this Court has determined whether the Fourth Amendment forbids a warrantless arrest for a non-criminal traffic offense. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that the Fourth Amendment does not bar a warrantless arrest for "even a very minor *criminal* offense" that the officer has probable cause to believe the individual committed in his presence (emphasis added)). But Brackbill did not raise this issue in the District Court or on appeal. We address only the issue Brackbill raised: whether Ruff had probable cause to arrest him for a traffic offense. *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (internal quotation marks and citation omitted)).

[3] In the District Court, Brackbill argued that Ruff lacked authority under state law to arrest him for traffic offenses. But Brackbill forfeited that argument in this Court by not including it in his brief. *Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir.1993).

and 67 Pa. Code § 175.78(e)(2), which provides that "[n]o portion of a bumper may be broken, torn or protruding to create a hazard."

It is undisputed that Brackbill operated his car on a highway when his bumper cover was partially detached, and that the bumper and bumper cover were integrated. It is also undisputed that Ruff heard the scraping noise that the detached bumper cover made while Brackbill was driving his car, that the detached bumper cover led to Brackbill's interaction with the police, and that Brackbill discussed the detached bumper cover with the officers while his car was stopped in the middle of the road. So Ruff had probable cause to arrest Brackbill for either of the bumper violations cited here.

B. *Failure to Intervene*

Officers are liable under a failure-to-intervene theory when they "fail[] or refuse[] to intervene when a constitutional violation such as an unprovoked beating takes place in [their] presence." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) (citation omitted). This Court has yet to determine whether a failure to intervene claim based on a false arrest is cognizable. *Lozano v. New Jersey*, 9 F.4th 239, 246 n.4 (3d Cir. 2021). We need not decide that here because, even if cognizable, Brackbill's claim necessarily fails.

Brackbill's failure to intervene claim against Hill rises and falls on his false arrest claim against Ruff. Because we hold that Ruff had probable cause to arrest Brackbill for a traffic offense, there is no constitutional violation that Hill could have intervened in to prevent.

7

## C. *Fabrication of Evidence*

A fabrication of evidence claim requires "a reasonable likelihood that, absent fabricated evidence, [the plaintiff] would not have been criminally charged." *Black v. Montgomery Cnty.*, 835 F.3d 358, 371 (3d Cir. 2016) , as amended (Sept. 16, 2016), or convicted, *Halsey*, 750 F.3d at 294. "There must be persuasive evidence supporting a conclusion that the proponents of the evidence are aware that evidence is incorrect or that the evidence is offered in bad faith." *Black*, 835 F.3d at 372 (citation and internal quotation marks omitted). And while reasonable inferences must be drawn in the nonmoving party's favor, "an inference" of fabrication "based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." *Halsey*, 750 F.3d at 287 (citation omitted).

Brackbill argues that Ruff fabricated his traffic court testimony about having seen Brackbill drive a vehicle with a detached bumper. He argues that the traffic court would not have convicted him of a bumper offense but for Ruff's fabricated testimony.[4] He posits that Ruff fabricated evidence to deflect attention from an unsupported DUI arrest, and he points to Ruff's and Hill's deposition testimony as evidence that Ruff's traffic court testimony was fabricated.

We agree with the District Court that Brackbill has not met his "notable" burden to produce evidence upon which a reasonable jury could conclude that Ruff's traffic court

---

[4] We have recognized fabrication of evidence claims only in the context of criminal proceedings, not summary traffic proceedings. *See generally Black*, 835 F.3d at 358; *Halsey*, 750 F.3d at 273. For the purposes of this appeal, we assume without deciding that Brackbill's fabrication of evidence claim is cognizable.

testimony was fabricated, as opposed to merely incorrect. *Black*, 835 F.3d at 372. And even if Brackbill had produced evidence of fabrication, Ruff would still be entitled to summary judgment because the challenged testimony could not have affected the traffic court verdict. Brackbill admitted to the traffic court that he operated a vehicle with a partially detached bumper cover, and Ruff gave uncontested testimony that he heard the bumper cover scraping against the road. There is no reasonable likelihood that the traffic court would have acquitted Brackbill but for Ruff's testimony about seeing the fully detached bumper.

### D. *Malicious Prosecution & Abuse of Process*

An officer is entitled to immunity from malicious prosecution and abuse of process claims under the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA") if he "in good faith reasonably believed the conduct" that gave rise to the claim "was authorized or required by law." 42 Pa. Cons. Stat. § 8546. He loses the PSTCA's protection if he injured the plaintiff through "willful misconduct." *Id.* § 8550. Willful misconduct occurs when the actor "desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006) (citation omitted).

Brackbill asks us to rely on the same argument he advances for his fabrication claim to find that Ruff engaged in willful misconduct and abuse of process. But as with the fabrication claim, no reasonable jury could find that Ruff willfully presented false testimony in traffic court to maliciously prosecute Brackbill or abuse the legal process. Viewing the evidence in the light most favorable to Brackbill, at most a jury could

9

conclude that Ruff's statements were incorrect. So Ruff is entitled to PSTCA immunity on both state law claims.

\* \* \* \* \*

For these reasons, we will affirm the judgment of the District Court.