[Cite as *Lerussi v. Calcutta Volunteer Fire Dept.*, 2024-Ohio-1695.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTINE LEA LERUSSI | Case No. 2023-00434PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>ENTRY</u> |
| CALCUTTA VOLUNTEER FIRE DEPARTMENT | |
| Respondent | |

**{¶1}** On April 9, 2024, Requester moved the Court to reconsider the denial of Requester's Motion For Attorney Fees, as set forth in an entry dated April 3, 2024.[1] Requester maintains that her submission in support of the request for attorney fees followed the Court's directions contained in an entry of January 19, 2024. Requester states, "This Court did not direct Requester to submit any additional affidavits, and for that reason Requester did not do so. If this Court reconsiders its April 3 decision and allows Requester to submit a supporting affidavit as to the reasonableness of the fees, Requester will do so promptly, and this Court will avoid manifest injustice to Requester."

---

[1]     In a Certificate of Service accompanying Requester's Motion, Requester's counsel certifies "that * * * the * * * Motion of Requestor Christine Lea Lerussi for Reconsideration was eFiled via the Court's eFile System which shall send notifications of this filing * * *."

The Court has interpreted its local rules to mean that the service of documents through the Court's efiling system is not authorized. *See*, *e.g.*, *Casey Loder v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2023-00767JD (Magistrate Order filed Feb. 2, 2024); *Jose Angel Carrizales v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2023-00326JD (Magistrate Order filed March 6, 2024). Based on a review of the Court's efiling system, it nonetheless appears that, on April 9, 2024, the Court's efiling system served a copy of Requester's Motion on Respondent's counsel, as indicated in the Certificate of Service accompanying Requester's Motion, and that, on April 9, 2024, Respondent's counsel electronically opened the document that had been served. The Court therefore will consider Requester's Motion, since service of Requester's Motion has been effected in this instance.

{¶2} Respondent has not filed a timely response to Requester's Motion For Reconsideration. Thus, Requester's Motion For Reconsideration is essentially unopposed.

{¶3} Despite lack of opposition from Respondent, the Court finds that Requester's Motion For Reconsideration is not well taken for several reasons.

{¶4} First, under Ohio law motions for reconsideration generally are a nullity for purposes of civil practice. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 423 N.E.2d 1105 (1981) ("[w]ithout a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity");[2] *Moffett v. Moffett*, 7th Dist. Columbiana No. 87-C-27, 1988 Ohio App. LEXIS 958, at *3 (Mar. 21, 1988), citing *Pitts* (acknowledging that a motion for reconsideration is a nullity in civil practice").

{¶5} Second, in this instance, no manifest injustice to Requester will result (as Requester claims) if the Court declines to reconsider its decision, because Requester presumably was advised of the fees her legal counsel would charge to prosecute a motion for contempt on her behalf when Requester retained counsel, or within a reasonable time after her counsel's legal representation began. *See* Prof.Cond. R. 1.5(b).[3] And, after Requester presumably was advised of her legal counsel's fees, Requester ostensibly authorized her legal counsel to proceed with prosecuting the motion for contempt.

{¶6} Third, in this instance, no manifest injustice to Requester's counsel will result if the Court declines to reconsider its decision, because Requester's legal counsel presumably will be compensated for the prosecution of Requester's motion for contempt under the fee arrangement with Requester.

---

[2]     In *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981), fn. 1, the Ohio Supreme stated: "Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not." *See E.B.P., Inc. v. 623 W. St. Clair Ave., LLC*, 8th Dist. Cuyahoga No. 93587, 2010-Ohio-4005, ¶ 44 (an interlocutory order is any order other than a final order); *Black's Law Dictionary* 1322 (11th Ed. 2019) (defining interlocutory order as an "order that relates to some intermediate matter in the case; any order other than a final order"). The Court's denial of Requester's motion for attorney fees in the entry of April 3, 2024, was a final order—not an interlocutory order.

[3]     Pursuant to Prof.Cond.R. 1.5(b), "[t]he nature and scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in *writing*, before or within a *reasonable* time after commencing the representation, unless the lawyer will charge a client whom the lawyer has regularly represented on the same basis as previously charged." (Emphasis sic).

{¶7} Fourth, in this instance, no manifest injustice will result to Requester, if the Court declines to reconsider its decision, because Requester was given an opportunity to be heard on the issue, and when Requester, through her legal counsel, was given an opportunity to be heard on the issue of an award of attorney fees and paralegal fees, her legal counsel failed to sufficiently advance facts and arguments to satisfy Requester's burden. *See United States v. Sineneng-Smith*, ___U.S.___, 140 S.Ct. 1575, 1579, 206 L.Ed.2d 866 (2020), quoting *Castro v. United States*, 540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring in part and concurring in judgment) (a party generally is responsible for advancing facts and arguments that show an entitlement to relief);[4] *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 21-22 (discussing "burden of production" and "burden of persuasion"). The Court did not limit the presentation of other evidence that could be submitted by Requester. Moreover, it is not the Court's role to provide legal advice. *Accord State ex rel. Twitchell v. Saferin*, 155 Ohio St.3d 52, 2018-Ohio-3829, 119 N.E.3d 365, ¶ 16 ("[i]t is the court's role to act as an arbiter, not an advocate"); *State v. Land*, 3d Dist. Marion No. 9-13-39, 2014-Ohio-1877, ¶ 14, quoting *Greenlaw v. United States*, 554 U.S. 237, 243-245, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008) (noting that "'[i]n our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties

---

[4] In *United States v. Sineneng-Smith*, ___U.S.___, 140 S.Ct. 1575, 1579, 206 L.Ed.2d 866 (2020), quoting *Castro v. United States*, 540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring in part and concurring in judgment), the United States Supreme Court stated: "[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief'." (Footnote omitted.)

In *Sineneng-Smith*,___U.S.___, 140 S.Ct. at 1579, the United States Supreme Court also stated:

"[C]ourts are essentially passive instruments of government." *United States* v. *Samuels*, 808 F. 2d 1298, 1301 (CA8 1987) (Arnold, J., concurring in denial of reh'g en banc)). They "do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." *Ibid.*

to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present'").

{¶8} Accordingly, the Court DENIES the Motion Of Requester Christine Lea Lerussi For Reconsideration filed on April 9, 2024, for reasons set forth above. Costs associated with this entry are assessed to Requester.

 

 

 

 

 

 

_____

LISA L. SADLER
Judge

**Filed April 30, 2024**
**Sent to S.C. Reporter 5/2/24**