[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Three Rivers Local School Dist. Records Comm.*, Slip Opinion No. 2024-Ohio-2686.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2686

THE STATE EX REL. AMES *v.* THREE RIVERS LOCAL SCHOOL DISTRICT RECORDS COMMISSION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Three Rivers Local School Dist. Records Comm.*, Slip Opinion No. 2024-Ohio-2686.]**

*Mandamus—School district records commission provided evidence showing that it has produced all documents in its possession that are responsive to relator's public-records request, and relator has not provided evidence showing otherwise—Writ denied as moot and requests for statutory damages, attorney fees, and costs denied.*

(No. 2023-0699—Submitted May 7, 2024—Decided July 17, 2024.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Brian M. Ames, brought this original action seeking a writ of mandamus ordering respondent, the Three Rivers Local School District Records Commission ("commission"), to produce records in response to a public-records request. He also requests awards of statutory damages, attorney fees, and court costs. We deny the writ as moot and decline to award statutory damages, attorney fees, or court costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Three Rivers Local School District is a school district located in Hamilton County. R.C. 149.41 provides that there "is hereby created in each city, local, joint vocational, and exempted village school district a school district records commission." School-district records commissions are composed of the district's superintendent and both the president and the treasurer of the district's board of education. *Id.* They are required to meet annually. *Id.*

{¶ 3} On April 29, 2023, Ames emailed an itemized public-records request to Teri Riesenberg, the treasurer of the Three Rivers school district's board of education. The request stated:

> Pursuant to R.C. 149.43, the Public Records Act, I hereby request authentic copies of the following official records of the Three Rivers Local School District **Records Commission**:
>
> 1. the rule(s) for notification of meetings required by R.C. 121.22(F) in effect for the years 2021, 2022, and 2023.
>
> 2. the meeting minutes for the years 2021, 2022, and 2023.
>
> 3. the notices of meetings for the years 2021, 2022 and 2023.
>
> 4. the records retention schedules approved in the years 2021, 2022 and 2023.

(Emphasis in original.)

{¶ 4} On May 23, Riesenberg responded by email to the request. Regarding the first item, she provided Ames with a copy of a policy regarding notification of meetings of the district's board of education ("the board"). The policy was revised on April 12, 2023, and does not explicitly state whether it applies to the commission in addition to the board. Regarding the second item, Riesenberg provided Ames with a link to a website where unsigned minutes of the commission's meetings are kept. Regarding the third item, Riesenberg provided Ames with a link to a website providing access to the agendas for meetings of the board. She stated, however, that an agenda is not posted until 24 hours before the meeting and is removed once a meeting occurs. Finally, regarding the fourth item, Riesenberg provided Ames with approved records-retention schedules for 2021 and 2022, stating that the commission's meeting for 2023 had not yet occurred. The schedules appear to be for the school district generally, not specifically for the commission.

{¶ 5} On May 31, Ames filed this original action. He seeks a writ of mandamus ordering the commission to produce records in response to his public-records request as well as awards of statutory damages, attorney fees, and court costs. The commission answered, and we granted an alternative writ, 2023-Ohio-3100.

## II. LEGAL ANALYSIS

### A. *Ames's motion to strike*

{¶ 6} As an initial matter, Ames filed a motion to strike Exhibits B-1 and B-2, which the commission submitted as evidence in this case. He argues that the exhibits are inadmissible under Evid.R. 408, which generally provides that certain statements made during settlement negotiations are not admissible. In his merit brief, however, Ames himself cites Exhibit B-2. Meanwhile, the commission's brief does not cite either exhibit. For these reasons, regardless of whether the

3

evidence would otherwise be inadmissible under Evid.R. 408, we deny the motion to strike.

### B. The commission's sui juris argument

{¶ 7} In its merit brief, the commission argues that it is not sui juris and cannot be sued. "'Sui juris' means 'possessing full capacity and rights to sue or be sued.' " *Estate of Fleenor v. Ottawa Cty.*, 2022-Ohio-3581, ¶ 3, fn. 1, quoting *Mollette v. Portsmouth City Council*, 2006-Ohio-6289, ¶ 1 (4th Dist.). Because we deny the writ for other reasons, we decline to decide this issue. *See State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 11, fn. 1 (declining to decide whether a respondent in public-records case was sui juris when writ and damages were being denied on other grounds).

### C. Ames's request for a writ is moot

{¶ 8} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with R.C. 149.43(B). *See* R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Ames must prove, by clear and convincing evidence, that he has a clear legal right to the relief sought and that the commission has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10. If, however, the commission has provided Ames with the requested records, the writ should be denied as moot. *See State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 7 ("In general, a public-records mandamus case becomes moot when the public office provides the requested records.").

{¶ 9} Ames agrees that the commission complied with his public-records request regarding the fourth item—records-retention schedules approved in 2021, 2022, and 2023. He argues, however, that the commission's responses regarding the first, second, and third items were not complete.

**{¶ 10}** In response to the first item in Ames's request—for the "rule(s) for notification of meetings required by R.C. 121.22(F)[1] for the years 2021, 2022, and 2023"—the commission initially provided Ames with a meeting-notification policy that was effective beginning April 12, 2023. After Ames filed his complaint, the commission provided him with a policy that was effective in 2021 and 2022 and was retired on April 12, 2023. The commission avers that it has produced all documents it possesses that are responsive to the first item in Ames's request. Ames argues, however, that the policies are not responsive, because they are applicable to the board rather than the commission. Even if Ames is correct about the nature of the policies, after the lawsuit was filed the commission averred that it did not have a meeting-notification policy separate and apart from the policies it has provided, and Ames has provided no evidence showing otherwise. A writ of mandamus cannot be issued to order the commission to produce records that do not exist. *See State ex. rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 7 ("a writ of mandamus will not issue when the uncontroverted evidence shows that the requested documents do not exist"); *State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 15 ("Respondents have no duty to create or provide access to nonexistent records.").

**{¶ 11}** In response to the second item in Ames's request—for "the meeting minutes for the years 2021, 2022, and 2023"—the commission initially provided Ames with a link to a website that contained unsigned meeting minutes. After Ames filed his complaint, the commission provided Ames with a signed copy of the minutes of its 2022 meeting. It avers that minutes of its 2021 meeting do not exist. It also avers that at the time Ames made his request, its 2023 meeting had

---

1. R.C. 121.22(F) states that "[e]very public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings."

not been held and that minutes of that meeting therefore did not exist. Ames has provided no evidence refuting either averment.

{¶ 12} In response to the third item in Ames's request—for the "notices of meetings for the years 2021, 2022 and 2023"—the commission initially provided Ames with a link to a website where agendas for its meetings are posted. It told Ames that agendas are posted 24 hours in advance of a meeting and are removed once the meeting occurs. The commission avers that notices for the commission's meetings in 2021 and 2022 do not exist and that the notice for the 2023 meeting did not exist when Ames made his request. Ames has provided no evidence refuting the commission's averments.

{¶ 13} The commission has provided evidence showing that it has produced all documents in its possession that are responsive to Ames's public-records request, and Ames has not provided evidence showing otherwise. We therefore deny Ames's request for a writ of mandamus as moot.

{¶ 14} However, Ames's demands for statutory damages, attorney fees, and court costs are not moot. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

### D. Statutory damages

{¶ 15} Ames requests an award of statutory damages. Statutory damages shall be awarded if a public-records requester transmits a written request by hand delivery, electronic submission, or certified mail and the public office or person responsible for the records fails to comply with any obligation under R.C. 149.43(B). R.C. 149.43(C)(2). Here, Ames transmitted his public-records request by email, which constitutes electronic submission for purposes of R.C. 149.43(C)(2). *See State ex rel. Ullmann v. Klein*, 2020-Ohio-2974, ¶ 13-14. "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester

6

at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ames argues that the commission failed to comply with this obligation in two ways.

{¶ 16} First, Ames argues that although he requested the meeting-notification rules in effect in 2021, 2022, and 2023, the commission initially provided him with only the policy effective in 2023. The commission acknowledges in its brief that it did not provide the earlier policies until after Ames filed his complaint. It argues, however, that we should deny statutory damages because Ames himself asserts that the policies are not responsive to his request. We agree. Ames requested the commission's meeting-notification rules and argues that the policies are not what he requested, because the policies explicitly apply to the board, not the commission. The commission avers that separate rules that apply explicitly to the commission do not exist, and Ames has presented no evidence showing otherwise. Because the meeting-notification rules Ames requested do not exist, the commission did not fail to comply with its obligations under R.C. 149.43(B)(1) by not providing them.

{¶ 17} Second, Ames argues that although the commission provided him with a signed copy of the minutes of its 2022 meeting after he filed his complaint, it initially provided him with only a link to an unsigned copy. He argues that this unsigned copy is not a proper response to his request for an "authentic cop[y]" of an "official record[]." The commission acknowledges that it initially provided Ames with a link to a website that contained unsigned copies of its minutes, but it states that he should have requested "signed meeting minutes" if that is what he was seeking.

{¶ 18} A person requesting public records must identify with reasonable clarity the records requested. *State ex rel. Glasgow v. Jones*, 2008-Ohio-4788, ¶ 17. Ames does not cite any authority requiring that a public office's meeting minutes be signed. Although not signed, the commission's minutes are what the commission posts on its public website. Here, because Ames did not request signed

copies of the minutes, we conclude that he has not shown by clear and convincing evidence that the commission failed to comply with its statutory obligations when it provided him with access to unsigned minutes.

### E. Attorney fees and court costs

**{¶ 19}** In his complaint, Ames requests an award of attorney fees. As he notes in his merit brief, however, Ames is not entitled to attorney fees, because he is a pro se litigant. *See State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 251 (1994).

**{¶ 20}** In his complaint, Ames also requests an award of court costs. But his merit brief contains no argument in support of his entitlement to court costs, and he thus has waived the request. *See State ex rel. Stuart v. Greene*, 2020-Ohio-3685, ¶ 10.

### III. CONCLUSION

**{¶ 21}** Because the commission has produced all records responsive to Ames's public-records request, we deny the requested writ as moot. We also decline to award statutory damages, attorney fees, or court costs. And we deny Ames's motion to strike the commission's Exhibits B-1 and B-2.

Writ denied.

————————————

Brian M. Ames, pro se.

Scott Scriven, L.L.P., Sandra R. McIntosh, and Jessica K. Philemond, for respondent.

————————————