[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Big Walnut Local School Dist. Bd. of Edn.*, Slip Opinion No. 2025-Ohio-2493.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2493

THE STATE EX REL. AMES *v.* BIG WALNUT LOCAL SCHOOL DISTRICT BOARD OF EDUCATION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Big Walnut Local School Dist. Bd. of Edn.*, Slip Opinion No. 2025-Ohio-2493.]**

*Public-records requests—R.C. 149.43—Relator failed to prove that the records he requested exist or that respondent violated the Public Records Act provision under which he claims he is entitled to statutory damages—Writ and relator's requests for damages, court costs, and attorney fees denied.*

(No. 2024-1563—Submitted June 3, 2025—Decided July 17, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Respondent, Big Walnut Local School District Board of Education, held a meeting that a student representative attended. Relator, Brian M. Ames inferred from the minutes of the meeting that the student was permitted to be present during an executive session, so Ames sent the board a public-records request under R.C. 149.43, Ohio's Public Records Act, asking for copies of six categories of documents. The first category was nondisclosure documents involving an applicant for economic-development assistance whose confidential information was considered at the executive session. The remaining five categories were documents relating to confidentiality issues raised by the student representative's presence at board meetings. After the board denied the request, Ames petitioned this court for a writ of mandamus to order the board to produce the requested records. He also asks for statutory damages, court costs, and attorney fees.

{¶ 2} Because Ames has not proved that the records he requested exist, we deny his complaint. And because he has not proved that the board violated the provision of the Public Records Act under which he claims he is entitled to statutory damages, we deny his request for damages. We also deny his requests for court costs and attorney fees.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} The board allows one student to attend board meetings as a representative of the student body of the district's high school. According to affidavits that the board has submitted into evidence, the student-body representative casts no official or valid votes and, at most, casts votes that are purely symbolic. Nevertheless, the minutes of the meeting that the board held on February 16, 2023, show that the student-body representative who attended the meeting cast a "yes" or "abstain" vote on each motion considered at the meeting.

{¶ 4} One motion considered at the board's February 16 meeting was to enter executive session. The minutes show that the student-body representative cast a "yes" vote to enter the executive session and a "yes" vote to exit the session and adjourn the meeting. The minutes also show that one purpose of the executive session was to "consider confidential information related to the marketing plans, specific business strategy, production techniques, trade secrets, or personal financial statements of an applicant for economic development assistance."

{¶ 5} On October 28, 2024, Ames emailed Scott Gooding, the board's interim treasurer, a public-records request asking for copies of six categories of documents. The first category listed was confidentiality and nondisclosure agreements between the board and the applicant for economic-development assistance whose information was considered at the February 16, 2023 executive session. And because Ames had inferred from the minutes of that meeting that the board had allowed the student-body representative to be present during the executive session, the latter five categories of documents related to the student's presence at board meetings, including her alleged presence at the February 16 executive session. These latter categories included:

2. all confidentiality and nondisclosure agreements between [the board] and [the student-body representative] covering the confidential information that was considered in the executive session held on February 16, 2023[;]

3. all records documenting [the student-body representative's] need-to-know the details relative to the security arrangements and emergency response protocols for [the board] that were discussed in the executive session held on February 16, 2023[;]

4. all agreements between the [board] and [the student-body representative] requiring her to preserve attorney-client privilege[;]

5. all agreements between the [board] and [the student-body representative] requiring her to protect the confidentiality of the discussions of the employment of a public employee or official that took place in the executive session held on February 16, 2023[; and]

6. all insurance policies under which [the student-body representative] would be indemnified for any claimed breach of confidentiality.

{¶ 6} Nine days later, on November 6, Gooding emailed Ames a response, denying the public-records request. The response stated that the request was ambiguous as to the requested agreements between the board and the applicant for economic-development assistance because those documents concerned "an unidentified entity." Without explaining how the documents might be organized, the board advised Ames that he could revise his request to clarify which records he was seeking. The board also denied the request as to the five categories of records relating to the student-body representative on the ground that they were "education records" under the federal Family Educational Rights and Privacy Act ("FERPA"), *see* 20 U.S.C. 1232g(a)(4)(A), and were therefore exempt from disclosure under R.C. 149.43(A)(1)(v) (exempting records "the release of which is prohibited by state or federal law").

{¶ 7} Ames filed a complaint for a writ of mandamus in this court under R.C. 149.43(C)(1).[1]  He asserts that the first category of records identified in his public-records request was not ambiguous and that the remaining five categories did not include education records.  He requests statutory damages, court costs, and attorney fees as well as a writ of mandamus ordering the board to produce copies of the public records he requested.

{¶ 8} The board asserts that the public records Ames requested do not exist.  The board makes no reference to the argument it asserted when responding to the public-records request: that the latter five categories of records are exempt from disclosure under R.C. 149.43(A)(1)(v) and FERPA.

## II.  ANALYSIS

{¶ 9} The Public Records Act requires a custodian of public records to make records available when properly requested.  R.C. 149.43(B)(1).  When a records custodian fails to fulfill this duty or any of the related duties set forth in the statute, the requesting party may petition for a writ of mandamus to enforce its legal right of access to the record.  R.C. 149.43(C)(1)(b).  Here, to prove he is entitled to a writ of mandamus, Ames must show by clear and convincing evidence that he has a clear legal right to the records he requested and that the board has a clear legal duty to produce them.  *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10.

{¶ 10} Because the board asserts that the records Ames requested do not exist, Ames bears the burden of proving, "by clear and convincing evidence, that the records he requested exist and are public records maintained" by the board, *State ex rel. Robinson v. Clemans*, 2025-Ohio-1021, ¶ 21; *see also State ex rel. Gooden v. Kagel*, 2014-Ohio-869, ¶ 1, 8.  He has failed to do so.  In fact, Ames asserts that it "is reasonable to infer" that the requested records do not exist,

---

1. This opinion applies the version of R.C. 149.43 enacted in 2024 Am.Sub.S.B. No. 29 (effective Oct. 24, 2024).

contending that by initially raising other defenses in its response to the public-records request, the board was "stonewall[ing] strategically to forestall any claims of violation of R.C. 121.22," the Open Meetings Act. Because Ames has not proved that the records he requested exist, he has failed to prove that he is entitled to a writ of mandamus to force the board to produce them.

{¶ 11} Although Ames's failure to prove that the requested records exist bars mandamus relief, it does not necessarily preclude his entitlement to statutory damages. Statutory damages are available if a public record was requested in an "electronic submission . . . in a manner that fairly describes the public record" as long as the requester proves that the board "failed to comply with an obligation in accordance with division (B)" of R.C. 149.43. R.C. 149.43(C)(2).

{¶ 12} In his mandamus arguments, Ames contends that the board's reasons for denying his public-records request were improper. But in his damages argument, he limits his basis for damages to the board's failure to produce the requested records, an alleged violation of R.C. 149.43(B)(1). Ames does not request damages based on a failure on the board's part to follow R.C. 149.43(B)(2) (requiring that a requester be provided with "an opportunity to revise the request" if the records being requested cannot be reasonably identified). Ames's decision to link his request for damages to the board's failure to produce the records, an alleged violation of R.C. 149.43(B)(1), prevents him from being entitled to damages for any alleged violation of R.C. 149.43(B)(2). *See State ex rel. ESPN, Inc. v. Ohio State Univ.*, 2012-Ohio-2690, ¶ 13.

{¶ 13} Although Ames asked for attorney fees and court costs in his complaint, his brief includes no argument explaining why he is entitled to either. Plus, as Ames is pro se, he is not eligible for an award of attorney fees. *See State ex rel. Adkins v. Cole*, 2025-Ohio-1026, ¶ 8, fn. 2. Therefore, Ames is not entitled to attorney fees or court costs.

### III. CONCLUSION

**{¶ 14}** The Public Records Act places the burden on the requester to prove that records responsive to a public-records request exist. Ames has not done so here. And he would be entitled to statutory damages only if he pleaded and proved a violation of the Public Records Act—and he has failed to do so here. Accordingly, we deny Ames's claim for mandamus relief and his requests for statutory damages, court costs, and attorney fees.

Writ denied.

————————————

Brian M. Ames, pro se.

McCaslin, Imbus & McCaslin, and Bernard W. Wharton, for respondent.

————————————