[Cite as *State ex rel. Ames v. Revere Local School Dist. Bd. of Edn.*, 2025-Ohio-4818.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. BRIAN M. AMES

    Relator

    v.

REVERE LOCAL SCHOOL DISTRICT BOARD OF EDUCATION C/O THE TREASURER

    Respondent

C.A. No.    31181

ORIGINAL ACTION IN MANDAMUS

Dated: October 22, 2025

PER CURIAM.

{¶1}    Relator, Brian M. Ames, has petitioned this Court for a writ of mandamus against Respondent, Revere Local School District Board of Education c/o The Treasurer ("the Board"). He asks this Court to order the Board to release public records and to award him statutory damages, attorney fees, and costs. After the Board filed its answer, both parties moved for summary judgment. For the following reasons, we deny Mr. Ames' motion for summary judgment and grant the Board's motion for summary judgment.

**Background**

{¶2}    Mr. Ames[1] emailed the Board via its treasurer to request copies of four items: (1) the rule for notifications of meetings in effect in 2023 and 2024, (2) the approved meeting minutes

---

[1] Mr. Ames used a pseudonym to communicate with the treasurer. To simplify matters, we will refer to him strictly by his legal name.

for 2023 and 2024, (3) the notices for special meetings held in 2023 and 2024, and (4) the current records retention schedule (RC-2). The treasurer sent a reply and responded to each request. As to items one, two, and four, the treasurer directed Mr. Ames to specific sections of the School District's website. As to item three, the treasurer sent 12 files containing PDFs of special meeting notifications and agendas.

{¶3} Mr. Ames responded to the treasurer's email. He informed the treasurer that three of his responses did not satisfy the records request Mr. Ames had made. As to item two, Mr. Ames wrote that the meeting minutes posted on the School District's website were not signed and, therefore, were not approved or official. As to item three, he wrote that the attached files did not include any notices of work sessions, which were also special meetings. As to item four, he wrote that the School District's website only contained a policy for creating a records retention schedule, not the actual schedule.

{¶4} The treasurer sent another reply to Mr. Ames. As to item two, the treasurer wrote that the meeting minutes posted on the School District's website were Board-approved and were "in the form in which they are retained for District records . . . ." As to item three, he wrote that work sessions were regular meetings, not special meetings. As to item four, he directed Mr. Ames to page six of the policy Mr. Ames had viewed on the School District's website. The treasurer indicated that there were "no further records responsive to any of these items." One day after Mr. Ames received the treasurer's reply, he filed this mandamus action.

## Summary Judgment Standard

{¶5} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280,

292-293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996). This Court "'may consider evidence other than that listed in Civ.R. 56 when there is no objection.'" *State ex rel. Jefferson v. Russo*, 2020-Ohio-338, ¶ 14, quoting *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301 (1997).

### The Public Records Act and Mandamus

{¶6} "The Public Records Act requires a custodian of public records to make records available when properly requested." *State ex rel. Ames v. Big Walnut Loc. Sch. Dis. Bd. of Edn.*, 2025-Ohio-2493, ¶ 9. "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6. To obtain a writ of mandamus, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶7} "'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.'" *State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 7, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14. *See also State ex rel. Eubank v. McDonald*, 2013-Ohio-72, ¶ 1 ("Mandamus will not lie to compel an act that has already been performed."). "Additionally, '[a]bsent contrary evidence

in the record,' averments that all responsive records have been provided establish that the mandamus claim is moot." *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 30, quoting *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶ 18.

**The Records Requested in this Matter**

{¶8} It is undisputed that Mr. Ames made a public records request for four items in this matter: (1) the rule for notifications of meetings in effect in 2023 and 2024, (2) the approved meeting minutes for 2023 and 2024, (3) the notices for special meetings held in 2023 and 2024, and (4) the current records retention schedule (RC-2). In his petition for a writ of mandamus, he alleges that the Board failed to fully respond to his request. To facilitate our review of the competing motions for summary judgment on the petition, we will consider each requested item in turn.

1. The Rule for Notifications of Meetings in Effect in 2023 and 2024

{¶9} R.C. 121.22 sets forth Ohio's Open Meetings Act. The statute provides, in relevant part, that

> [e]very public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings.

R.C. 121.22(F).

{¶10} Mr. Ames does not dispute that, in response to his request for item one, the Board supplied him with directions to access Policy 1.11 on the School District's website. Mr. Ames filed a copy of the policy as an exhibit to his complaint. In his motion for summary judgment, he argues that Policy 1.11 "is of no effect" because, with respect to work sessions, the District's policy and its practice conflict. According to Mr. Ames, the policy does not treat work sessions as regular meetings, but the Board's treasurer insists that work sessions are regular meetings. Mr. Ames

argues that the Board failed to provide him documents responsive to his request because, as to work sessions, Policy 1.11 was clearly not "in effect" as a matter of practice for the years 2023 and 2024.

{¶11} The Board admits that Policy 1.11 is the School District's meeting notice rule. It has attached to its motion for summary judgment the affidavit of its treasurer. In his affidavit, the treasurer states that Policy 1.11 went into effect in 2020 and remained in effect in 2023 and 2024. The treasurer also states that there "are no other policies or records establishing and/or governing the District's meeting notice rule."

{¶12} Mr. Ames responded in opposition to the Board's evidence and in support of his own motion for summary judgment. He argues that no person reading Policy 1.11 would be able to determine the time or place of any meeting the Board planned to hold. He also challenges the treasurer's statement that no other records establishing the District's meeting notice rule exist. According to Mr. Ames, minutes from two organizational meetings the Board held in January 2023 and 2024, respectively, show that the Board scheduled meetings via resolutions it was to include in an attachment to the meeting minutes. Mr. Ames argues the attachment "may be presumed to be lost . . . ." because it was not included with the meeting minutes. His response and affidavit indicate that the minutes from the two organizational meetings are attached as exhibits. Nevertheless, no exhibits are attached to his filing.

{¶13} Upon review, the Board presented evidence establishing that it responded to Mr. Ames' request for records. Mr. Ames requested "*the rule* for notifications of meetings . . . in effect for the years 2023 and 2024." (Emphasis added.) The Board's treasurer directed him to that rule, Policy 1.11. The Board set forth evidence that the rule was in effect in 2023 and 2024 and was the only notice rule in effect at that time. Much of Mr. Ames' argument focuses on the Board's

implementation of Policy 1.11 and whether the Board's actions satisfy the Open Meetings Act. Yet, the question of whether the Board's policy or practices complied with the Open Meetings Act is not before this Court. The only issue before us is whether the Board provided Mr. Ames with the records he requested. *See State ex rel. Ames*, 2025-Ohio-1027, at ¶ 31. Mr. Ames did not produce any evidence to refute the Board's claim that it provided him with the rule for notifications of meeting in effect in the years 2023 and 2024. Because the evidence shows that the Board provided Mr. Ames with the record he requested, that portion of his mandamus claim is moot, and the Board is entitled to summary judgment on it.

2. The Approved Meeting Minutes for 2023 and 2024

**{¶14}** A public body has a statutory duty to prepare, file, and maintain its meeting minutes. R.C. 121.22(C). "Once these minutes are prepared, Ohio's Public Records Act, R.C. 149.43, requires the public body to permit public access to the minutes upon request. *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 56 (2001). "Mandamus is a proper remedy to compel compliance with a public office's duty to prepare, file, and maintain full and accurate meeting minutes." *State ex rel. Ames v. Portage County Bd. of Commissioners*, 2021-Ohio-2374, ¶ 21.

**{¶15}** When Mr. Ames requested "the approved meeting minutes for the years 2023 and 2024", the Board's treasurer directed him to a specific section of the School District's website. It is undisputed that Mr. Ames was able to access the minutes. He took issue with their formatting because they were not signed. He informed the treasurer that the unsigned minutes were "therefore not approved or official." The treasurer indicated that the minutes on the website had been Board-approved and were "in the form in which they are retained for District records . . . ." Mr. Ames responded by filing this petition. In his petition, he alleges that the Board did not comply with the

Public Record Act because "[t]he minutes located on [its] website are not signed indicating that they have been approved and are official as requested."

{¶16} In moving for summary judgment on his petition, Mr. Ames argues that the Board failed to provide him with an "official" copy of its meeting minutes. He cites Policy 1.11. He notes that the policy requires the Treasurer to keep an accurate set of meeting minutes from each meeting "in an official record book specified for that purpose." Mr. Ames argues that the Board failed to adhere to its own policy, as the Treasurer admitted that the Board only retained its meeting minutes in website form. He claims there is no dispute that the Board failed to respond to his request for those documents.

{¶17} The Board argues that Mr. Ames never asked it to produce "an official record book" when he made his public records request. Instead, he requested and received instructions to view the approved meeting minutes. In his affidavit, the treasurer states:

> All official and approved Board meeting minutes for 2023 and 2024 are [] maintained on the District's website. The District does not maintain its official meeting minutes for years 2023 and 2024 in a physical "official records book."

The treasurer also avers that the School District does not have any other responsive records. According to the Board, Mr. Ames has not established that the Board had a legal duty to keep its records in a different format.

{¶18} In responding to the Board's arguments via a reply brief/brief in opposition to summary judgment, Mr. Ames argues for the first time that the meeting minutes the Board made available on its website are incomplete. He avers in an affidavit that minutes from 19 different meetings do not include attachments referenced in those meetings. He also cites Exhibits 35 and 36 in support of his argument. According to Mr. Ames, those exhibits consist of the meeting minutes from two additional meetings, both of which are also missing attachments referenced

therein. Notably, neither exhibit has been filed. Nor has Mr. Ames produced the meeting minutes from any of the 19 meetings he includes in his affidavit.

{¶19} The Board has filed a reply to address Mr. Ames' additional arguments. The Board indicates that all attachments to meeting minutes are available on the School District's website, as they are included in the Board's meeting agendas. The Board's reply includes an affidavit from its legal counsel and copies of several emails. In his affidavit, the Board's counsel states that, more than four months after Mr. Ames filed this petition, he sent an additional public records request to the Board's treasurer via email. In that request, he asked for attachments to the minutes from two specific meetings. The emails attached to the Board's reply show that the treasurer immediately responded to Mr. Ames' request by sending him two attachments. They also show that Mr. Ames later emailed the Board's counsel, claiming the treasurer had made conflicting statements as to whether additional records were archived. Finally, the emails show that the Board's counsel informed Mr. Ames that all attachments to meeting minutes were included with the meeting agendas on the School District's website.

{¶20} We begin by addressing Mr. Ames' argument that the Board failed to comply with his records request because its meeting minutes did not include certain attachments. Mr. Ames did not raise this claim in his petition or in his initial merit brief on summary judgment. This Court need not address arguments raised for the first time in a reply brief. *See State ex rel. Grounds v. Hocking Cty. Bd. of Elections*, 2008-Ohio-566, ¶ 24. Further, even if his claim was properly before us, he has not shown that he is entitled to summary judgment or that genuine issues of material fact exist to thwart a summary judgment award in favor of the Board. Mr. Ames did not produce any meeting minutes or the exhibits that allegedly establish his claim (i.e., Exhibits 35 and 36). Meanwhile, the Board produced evidence that, much like its meeting minutes, the attachments to

the minutes are available online through the School District's website. Mr. Ames did not set forth any evidence to contradict the Board's evidence.

{¶21} Upon review, the Board presented evidence establishing that it responded to Mr. Ames' request for records. He requested the approved meeting minutes from 2023 and 2024, and the Board provided him with specific directions to access those records on the School District's website. The Board set forth evidence that it kept its approved minutes in website form and did not have any additional records responsive to Mr. Ames' request. While Mr. Ames claims the minutes are not official, he "does not cite any authority requiring that a public office's meeting minutes be signed. Although not signed, the [Board's] minutes are what the [Board] posts on its public website." *State ex rel. Ames v. Three Rivers Loc. Sch. Dist. Records Commission*, 2024-Ohio-2686, ¶ 18. Mr. Ames "has not shown by clear and convincing evidence that the [Board] failed to comply with its statutory obligations when it provided him with access to unsigned minutes." *Id.* Because the evidence shows that the Board provided Mr. Ames with the records he requested, that portion of his mandamus claim is moot, and the Board is entitled to summary judgment on it.

3. The Notices for Special Meetings held in 2023 and 2024

{¶22} Mr. Ames made a records request for the notices for special meetings held in 2023 and 2024. The Board's treasurer responded by sending him 12 files containing PDFs of special meeting notifications and agendas. Mr. Ames acknowledged receipt of the notices but told the treasurer that they did not include work sessions. The treasurer explained that work sessions were "regular meetings of the Board, not special meetings."

{¶23} In his petition, Mr. Ames has not specifically addressed his request for notices for special meetings. He affirmatively alleges that the Board did not attach any items responsive to

his public records request for items one, two, and four, but he has not included the same allegation regarding item three (i.e., the request for the notices for special meetings). Likewise, in his motion for summary judgment, he addresses items one, two, and four in separate subsections but excludes item three. He only references work sessions within the context of his argument about item one (i.e., the rule for notification of meetings in effect in 2023 and 2024). As previously noted in our discussion of item one, Mr. Ames argues that the Board's policy regarding the work sessions was inconsistent with its practice.

{¶24} In its motion for summary judgment, the Board sets forth evidence that it responded to Mr. Ames' request for the notices for special meetings held in 2023 and 2024. The Board's treasurer avers by way of affidavit that he sent the notices to Mr. Ames. He also avers that work sessions are scheduled at regular intervals throughout the year, they are not special meetings, and the School District does not prepare special meeting notices for them. The treasurer avers that the School District is not in possession of any other responsive records regarding special meeting notices for 2023 and 2024.

{¶25} Mr. Ames responds to the Board's motion as follows. He denies that his petition contains any allegation that the Board failed to produce notices for work sessions. He argues that the Board is not entitled to judgment because there is no live controversy regarding the notices for special meetings held in 2023 and 2024.

{¶26} A mandamus claim for public records is moot if the public records have already been provided. *State ex rel. Mobley*, 2024-Ohio-1909, at ¶ 7, quoting *State ex rel. Toledo Blade Co.*, 2009-Ohio-1767, at ¶ 14. *See also State ex rel. Eubank*, 2013-Ohio-72, at ¶ 1. Mr. Ames does not dispute that the Board responded to his public records request insofar as it concerned the

notices for special meetings held in 2023 and 2024.  Accordingly, assuming without deciding that his petition included a claim for those records, that aspect of his petition is moot.

### 4. The Current Records Retention Schedule

{¶27}  When Mr. Ames requested the School District's current records retention schedule, the Board's treasurer directed him to Board Policy 9.22 on the School District's website.  In his petition, Mr. Ames alleges that the Board failed to respond to his request because Policy 9.22 is not an authorized records retention schedule.  He expands on that allegation in his motion for summary judgment.

{¶28}  Mr. Ames attaches to his motion for summary judgment a copy of a 2017 records retention schedule for Revere Local School District.  He avers by way of affidavit that he secured the schedule from the Ohio History Connection.  The schedule is captioned "Records Retention Schedule RC-2", and its graphical contents include a column labeled "RC-3 Required by OHS-LGRP".  Mr. Ames argues that the policy the Board posts on its website is different from the schedule he secured from the Ohio History Connection.  Specifically, the website policy (1) does not contain approvals from the Ohio History Connection and the State Auditor, and (2) lacks the "RC-3 Required by OHS-LGRP" column.  He argues that those deficiencies force the conclusion that the Board failed to provide him with documents responsive to his public records request.

{¶29}  The Board argues that it is entitled to summary judgment because the treasurer provided Mr. Ames with instructions to access the School District's records retention schedule via the District's website.  The Board argues that, while it is legally required to maintain a records retention schedule, it is not required to maintain the schedule in a specific format.  In his affidavit, the treasurer avers that Policy 9.22 contains the School District's approved retention schedule.  He avers that the School District "does not retain a copy of the RC-2 form provided by the Ohio

Historical Connection." Finally, he avers that the School District does not have any other responsive records.

{¶30} Upon review, the Board set forth evidence showing that it provided Mr. Ames with the only records retention schedule in its possession. Mr. Ames has not set forth any evidence to the contrary. Instead, he argues that the schedule the Board produced does not satisfy his public records request because it is deficient in certain respects. To the extent he seeks to compel the Board to produce different records, however, this Court cannot order the Board to produce records that do not exist. *See State ex rel. Ames*, 2024-Ohio-2686, at ¶ 10. *See also State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 15 ("Respondents have no duty to create or provide access to nonexistent records."). Mr. Ames has provided no evidence to refute the Board's evidence that it produced all documents in its possession that are responsive to his public records request. We, therefore, deny his request for writ of mandamus as moot and award the Board summary judgment on it. *See State ex rel. Ames* at ¶ 13.

### Statutory Damages

{¶31} "A public-record requester is entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person responsible for the requested records, (3) he fairly described the records sought, and (4) the public office or official failed to comply with an obligation under R.C. 149.43(B)." *State ex rel. Baker v. Treglia*, 2025-Ohio-2816, ¶ 29, citing Former R.C. 149.43(C)(2). "A relator is required to prove by clear and convincing evidence that he is entitled to statutory damages." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 19.

{¶32} Mr. Ames has not clearly and convincingly shown that the Board denied his public records request or otherwise failed to comply with an obligation under R.C. 149.43(B). *See State*

*ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 9-10.  It is the conclusion of this Court that the Board responded to his requests in a timely manner by providing him with the records in its possession.  As such, we deny Mr. Ames' request for statutory damages.

**Court Costs & Attorney Fees**

**{¶33}**  Mr. Ames also requests attorney fees and court costs in his petition.  Yet, his brief includes no argument explaining why he is entitled to either.  Additionally, "as Ames is pro se, he is not eligible for an award of attorney fees." *State ex rel. Ames v. Big Walnut Loc. Sch. Dist. Bd. of Edn.*, 2025-Ohio-2493, ¶ 13.  For the foregoing reasons, Ames is not entitled to attorney fees or court costs.  *Id.*

**Conclusion**

**{¶34}**  Because the Board produced all records in its possession that are responsive to Mr. Ames' public records request, Mr. Ames is not entitled to a writ of mandamus.  His motion for summary judgment is denied, as is his request for statutory damages, costs, or attorney fees.  The Board's motion for summary judgment is granted.

**{¶35}**  Costs of this action are taxed to Mr. Ames.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

BRIAN M. AMES, Pro Se, Relator.

COLIN R. JENNINGS and AYAKO RUSSELL, Attorneys at Law, for Respondent.